**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 30, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CARLOS CARABALLO, a/k/a Carlos
Thomas Caraballo, a/k/a Carlos T.
Caraballo,

    Defendant - Appellant.

No. 25-5106
(D.C. No. 4:22-CR-00322-JDR-1)
(N.D. Okla.)

---

**ORDER AND JUDGMENT\***

---

Before **MATHESON**, **MORITZ**, and **FEDERICO**, Circuit Judges.

---

Carlos Caraballo pled guilty to charges of child sexual abuse in Indian

Country and production of child pornography. He appeals from the district

court's imposition of a special condition of supervised release that limits his

---

\* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

ability to view adult pornography. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand for further proceedings.

## I

In the spring of 2021, Caraballo met "S.D." through an online forum and they eventually began exchanging sexually explicit messages, photos, and videos. Caraballo lived in New York and S.D. lived in Oklahoma. Caraballo was twenty-five years old. He asked S.D. if she was at least eighteen years old, saying that he only wanted to continue the relationship if she was eighteen, and she said yes. In fact, she was thirteen.

In June 2021, Caraballo traveled to Oklahoma to meet S.D. and have sex. They indeed met, at which point Caraballo learned her real age. They had sex multiple times and Caraballo photographed S.D. performing oral sex on him. After Caraballo returned to New York, he continued to send sexually explicit messages to S.D.

Eventually one of S.D.'s teachers discovered some of S.D.'s communications with Caraballo on a school-issued laptop. That led to an investigation and a multi-count federal indictment against Caraballo in the Northern District of Oklahoma. Caraballo pleaded guilty without a plea agreement to sexual abuse of a minor in Indian Country, in violation of

18 U.S.C. §§ 1151, 1152, and 2243(a);[1] and production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e).

The district court sentenced Caraballo to 180 months on the sexual abuse charge and 324 months on the production charge, to be served concurrently. The district court also imposed a lifetime term of supervised release, with a special condition prohibiting Caraballo from "possess[ing] or view[ing] books or any form of writings, images or videos depicting or describing sexually explicit conduct or child pornography, as defined in 18 U.S.C. §§ 2256(2) and 2256(8)," R. I at 134.

Caraballo appealed this special condition as it relates to adult pornography. This court concluded the district court had not made adequate findings to justify the special condition, given that the First Amendment protects possession of adult pornography and there were no findings that adult pornography led Caraballo into the crimes to which he pleaded guilty or that Caraballo had trouble distinguishing between adults and children in sexually explicit material. *See United States v. Caraballo*, No. 24-5029, 2025 WL 1013449, at *2–3 (10th Cir. Apr. 4, 2025), *cert. denied*, 146 S. Ct. 213 (2025). We therefore vacated the special condition and remanded for further findings. *Id.* at *4.

---

[1] The place where S.D. and Caraballo had sex was in Indian Country, and S.D. was an enrolled member of an Indian tribe.

3

At resentencing, the district court reimposed essentially the same special condition. For the district court, the key considerations were:

- by his own admission, Caraballo turns to the internet for relationships;

- although Caraballo says he only wants to have relationships with adults, he had trouble discerning the age of two girls he interacted with online, as shown by: (a) his own admissions to that effect; (b) his receipt of sexually explicit photos from S.D., which should have alerted him she was not an adult; (c) his online interactions with an eleven-year-old girl also claiming to be eighteen, who sent explicit photos that should have alerted him she was not an adult;[2] and (d) the general difficulty distinguishing between teenaged children and adults in explicit photos and videos; and

- when Caraballo finally met S.D. in person, he knew then she was not an adult, but he went forward anyway with sexual activities.

From this, the district court concluded Caraballo's First Amendment right to possess adult pornography was outweighed by the need to "prevent[] a future mistake in the age of a victim." R. III at 31. The court therefore reimposed a special condition that prohibits Caraballo from possessing or viewing adult pornography.

However, pursuant to a revised general order used in the district for special conditions, the court narrowed the special condition to include only

---

[2] The government produced information about the eleven-year-old girl as part of a pretrial notice under Federal Rule of Evidence 404(b)(3).

child pornography and visual depictions of adults engaged in sexual acts, as opposed to all adult pornography. The condition now reads: "The defendant shall not possess or view any video or visual depiction, as defined in 18 U.S.C. § 2256(5), displaying a sexual act, as defined at 18 U.S.C. § 2246(2),[3] or child pornography, as defined at 18 U.S.C. § 2256(8)." R. I at 159, ¶ 4.

Caraballo now again appeals, challenging the special condition as it relates to videos or images of sexual acts involving adults.

## II

We review the district court's imposition of a special condition of supervised release for an abuse of discretion. *United States v. Englehart*, 22 F.4th 1197, 1207 (10th Cir. 2022). Abuse of discretion exists if the district court "(1) commits legal error, (2) relies on clearly erroneous factual

---

[3] This subsection defines "sexual act" to mean:

(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]

5

findings, or (3) [lacks a] rational basis . . . in the evidence to support its ruling." *Id.* (internal quotation marks omitted). We conclude the third inquiry has merit.

By statute, any special condition of supervised release must:

> (1) [be] reasonably related to the [sentencing] factors set forth in section 3553(a)(1) [regarding "the nature and circumstances of the offense and the history and characteristics of the defendant"], (a)(2)(B) ["the need . . . to afford adequate deterrence to criminal conduct"], (a)(2)(C) ["the need . . . to protect the public from further crimes of the defendant"], and (a)(2)(D) ["the need . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"];
>
> (2) involve[] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
>
> (3) [be] consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)[.]

18 U.S.C. § 3583(d). Moreover, "the First Amendment protects the right of individuals to possess sexually explicit materials involving adults . . . ." *United States v. Koch*, 978 F.3d 719, 724 (10th Cir. 2020). "[W]hen a court imposes a special condition that invades a fundamental right or liberty interest, the court must justify the condition with compelling circumstances." *Id.* at 725 (internal quotation marks omitted). This often requires the district court to explain its reasoning in "more detail" (as

compared to special conditions not infringing on fundamental interests), especially "if the reasons for the restriction are not matters of common knowledge." *Id.* (internal quotation marks omitted).

As this court recited in the earlier appeal, there is no evidence Caraballo ever sought out adult pornography, much less evidence that such pictures or videos contributed to his desire to seek relationships online, his inability to discern age, or his inability to terminate the relationship after he learns he is interacting with a minor. *See Caraballo*, 2025 WL 1013449, at *3. And in this appeal, there is still no evidence Caraballo previously sought out adult pornography, or that it pushed him toward his criminal activities. *Cf. id.* (noting the lack of evidence that sexually oriented materials had "acted as some kind of sexualizing gateway leading [the defendant] to the consumption of child pornography"). In other words, there are not sufficient findings here that possessing or viewing adults engaged in sexual acts formed the gateway that led Caraballo to commit criminal sexual offenses against children.

Also, special conditions must "involve[] no greater deprivation of liberty than is reasonably necessary for the purposes" of deterrence, protecting the public, and providing the defendant with needed care and training. 18 U.S.C. § 3583(d)(2). Accepting the district court's premise – Caraballo has trouble distinguishing adults from minors when he

7

communicates with them online – a relevant special condition, if any, would focus on Caraballo's conduct and attempts to develop online romantic relationships that led him to minors. The special condition imposed, which deprives Caraballo from the exercise of a First Amendment right, is not reasonably necessary to protect minors from his online predatory activities because, again, it does not do anything to curb or deter that behavior. In any event, the special condition as it currently stands is a greater deprivation of liberty than is reasonably necessary in light of the current record.

## III

At the end of his opening brief, Caraballo inserted a one-sentence request that the case be reassigned to a different district judge on remand. This court examines three factors when deciding whether to reassign a case on remand:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected,
>
> (2) whether reassignment is advisable to preserve the appearance of justice, and
>
> (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

8

*United States v. Papke*, 149 F.4th 1169, 1190 (10th Cir. 2025) (internal quotation marks omitted). Caraballo's one-sentence request does not engage with any of these factors. We therefore disregard it as inadequately developed. *See United States v. Jones*, 768 F.3d 1096, 1105 (10th Cir. 2014) ("[P]erfunctory or cursory reference to issues unaccompanied by some effort at developed argument are inadequate to warrant consideration . . . .").

Moreover, even if we were willing to take up the argument, we would not grant Caraballo's request. Nothing about the district court's handling of the contested special condition suggests difficulty following this court's instructions, nor does it suggest the appearance of bias or intransigence. Rather, the district court appears to be grappling in good faith with a thinly developed area of law. We have now twice vacated the special condition, but this outcome should not be viewed as casting any doubt on the district court's ability to decide this issue impartially.

**IV**

We vacate the special condition and remand for proceedings consistent with this order and judgment.

Entered for the Court

Richard E.N. Federico
Circuit Judge

9